1
2
3
4
5
6
7
8
9



ORIGINAL

FILED

OCT 1 2 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | ) |
| Plaintiff, ) | ) Cr. No. 91-1129GT |
| v. ) | ) ORDER |
| LUIS POMAR, ) | ) |
| Defendant. ) | ) |

On October 3, 2007, Defendant's, Luis Pomar ("Mr. Pomar), Motions for Discovery, Dismiss the Allegations, Decline to Impose Custody and Leave to File Further Motions came on for hearing before the Court. The Court has fully considered this matter including a review of the briefs filed, the arguments presented and the authorities cited therein. For the reasons stated below, with the exception of the Discovery motion, these Motions are **DENIED**.

## BACKGROUND

On February 29, 1992, Mr. Pomar pled guilty to a one count Indictment charging him with Conspiracy to Possess with Intent to Distribute a Controlled Substance (approximately 483 kilograms of cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and 846. On May 11, 1992, Mr. Pomar was sentenced to 140 months in prison and a five year supervised release. Probation's

recommended guideline range was 235-293 months, with a sentence of 264 months in custody. Mr. Pomar's supervised release commenced on April 10, 2002.

On March 25, 2004, Probation notified the Court that Mr. Pomar had violated the conditions of his supervised release by submitting numerous "dirty" drug tests, not attending drug aftercare, and not submitting monthly reports. The Probation Officer recommended the Court take no action because Mr. Pomar had begun a drug treatment program. The Court followed this recommendation.

On December 3, 2004, Probation again notified the Court that Mr. Pomar had violated several conditions of his supervised release. Mr. Pomar had been convicted for driving under the influence and failing to submit urine samples as required. Mr. Pomar waived a court hearing and agreed to the condition of 90 days home confinement with electronic monitoring. The Court agreed to this modification.

On September 7, 2005, Probation again notified the Court that Mr. Pomar had violated the conditions of his supervised release. The first five allegations were that Mr. Pomar violated the mandatory condition that he refrain from unlawful drug use. Two additional violations were that Mr. Pomar violated the special condition that he participate in a drug treatment program and submit to drug testing. A no-bail bench warrant was issued.

On November 5, 2005, Mr. Pomar admitted to allegation number 5, stating he had used cocaine. The Court revoked Mr. Pomar's supervised release and sentenced him to 9 months in custody and four years supervised release. (This four year term was later reduced to a three year term because Mr. Pomar appeared to be doing well.) Mr. Pomar's supervised release commenced on July 31, 2006.

On July 9, 2007, Probation once again informed the Court that Mr. Pomar had violated the terms of his supervised release. The Petition alleged that Mr. Pomar submitted urine samples which tested positive for cocaine and marijuana and failing to submit urine samples as required. Mr. Pomar was arraigned on the Petition and denied the allegations. Mr. Pomar has now filed several Motions for Discovery, to Dismiss the OSC and Leave to File Further Motions.

# MOTIONS

## A. Discovery Motion

Mr. Pomar requests several types of documents and information from Probation. The Court orders the parties to prepare and submit a joint order for this discovery. If there are any unresolved discovery issues, the Court will decide these matters at the next hearing.

## B. Dismiss Allegations for Insufficient Notice

Mr. Pomar argues that the allegations should be dismissed because the Government has not proved that he received notice of the conditions of his supervised release. Mr. Pomar cites United Sates v. Ortuno-Higareda, 421 F.3d 917 (9th Cir. 2005) to support this argument. However, the Ortuna case was both withdrawn and then dismissed as moot. Hence, this is no longer good law. Also, Mr. Pomar has been presented and signed a form listing the conditions of his supervised release on several occasions. He has also been before the Court several times for the same violations. It is hard now to argue that he has not received notice of the conditions of his supervised release. Hence, this motion is **DENIED.**

## C. Dismiss Allegations, § 3553 Factors not Considered

Mr. Pomar argues that § 3583 mandates that the Court consider the factors in § 3553(a) before sentencing. Mr. Pomar argues that this Court did not consider those factors when he was sentenced in 1992 and in his subsequent supervised release revocation hearings. As the Government fully explained in its Opposition, the Court is not required to list each and every factor during sentencing. It is enough to accurately calculate the guideline range and give reasons for the sentence. See United States v. Mix, 457 F.3d 906, 911 (9th Cir. 2006). It is clear from the record that the Court considered the factors by referencing the Probation Report and listening to the arguments from both sides at sentencing. In fact, Mr. Pomar received a sentence of 140 months instead of the 264 months that Probation recommended. Again, it is difficult to argue that the Court did not consider the factors in § 3553 when sentencing Mr. Pomar. Hence, this Motion is **DENIED.**

//

//

### D. Decline to Impose Custody

Mr. Pomar argues that the Court should decline imposing custody because the supervised release statute is unconstitutional under Apprendi, Booker, and Blakely. The Ninth Circuit has already decided this issue and ruled that supervised release is constitutional under Apprendi, Booker, and Blakely. *See*, United States v. Huerta-Pimental, 445 F.3d 1220, 1221 (9th Cir. 2006); *See also*, United States v. Ray, 484 F.3d 1168, 1172 (9th Cir. 2007). Hence, this motion is **DENIED**.

### E. Further Motions

Mr. Pomar requests leave to file further motions. This request is **DENIED**. Accordingly,

**IT IS ORDERED** that the parties prepare a joint order for discovery.

**IT IS FURTHER ORDERED** that Mr. Pomar's Motion to Dismiss Allegations for lack of Notice is **DENIED**.

**IT IS FURTHER ORDERED** that Mr. Pomar's Motion to Dismiss Allegations because the Court did not consider that factors in § 3553 is **DENIED**.

**IT IS FURTHER ORDERED** that Mr. Pomar's Motion for this Court to Decline Imposition of Custody is **DENIED**.

**IT IS FURTHER ORDERED** that Mr. Pomar's request for Leave to File Further Motions is **DENIED**.

**IT IS SO ORDERED.**

October 11, 2007
date

GORDON THOMPSON, JR.
United States District Judge

cc: All counsel and parties without counsel